```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

PAMELA DAVIS-BATISTE                       CIVIL ACTION

VERSUS                                     NO: 10-604

AMERICAN SECURITY INS. CO.                 SECTION: J (2)
```

## ORDER AND REASONS

### NATURE OF MOTION AND RELIEF SOUGHT

Before the Court is Defendant American Security Insurance Company's **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 9)** as well as Plaintiff Marcelyn Taylor's **Opposition to Motion to Dismiss (Rec. Doc. 10)** and Defendant's **Reply to Plaintiff's Opposition (Rec. Doc. 13).**

### PROCEDURAL HISTORY AND BACKGROUND FACTS

This action was severed from <u>Adams v. American Security Ins. Co.</u>, Civil Action No. 09-2609, which previously had been severed from two class action/mass joinder matters, <u>Abadie v. Aegis Security Ins. Co.</u>, Civil Action No. 06-5164 ("<u>Abadie I</u>") and <u>Abadie v. Aegis Security Ins. Co.</u>, Civil Action No. 07-5112 ("<u>Abadie II</u>"), all of which were previously consolidated into the levee breach litigation, <u>In Re Katrina Canal Breaches Consolidated Litigation</u>, Civil Action No. 05-4182.  These matters were severed, with the Court ordering Plaintiffs to file individualized amended complaints against the individual insurer defendants by a stated deadline.  Each new case was assigned a

new title and docket number and was randomly allotted among divisions of this Court.  Pursuant to the Order of Severance dated February 4, 2009, the class action aspects of <u>Abadie I</u> and <u>Abadie II</u> were dismissed with prejudice.

The <u>Adams</u> case from which this case was ultimately severed was filed as a consolidated joinder matter against "Forced Place Insurance" carriers pursuant to the Court's Severance Order. <u>Id</u>. at (Doc No. 17107).

Plaintiff filed a Supplemental and Amending Complaint Pursuant to Order of Severance on February 22, 2010, alleging that Defendant insurer had improperly refused to adequately adjust Plaintiff's claims for property damage to Plaintiff's home following Hurricane Katrina and that Defendant had use dilatory tactics to avoid making proper payment of Plaintiff's claims. Plaintiff alleges breach of contract and breach of the duty of good faith and fair dealing.

On August 26, 2010, Defendant insurer filed this Motion to Dismiss alleging that Plaintiff lacks subject matter jurisdiction because Plaintiff fails to meet the amount in controversy requirements for diversity jurisdiction under 28 U.S.C. § 1332.

Plaintiff filed her Opposition on September 8, 2010.

Defendant filed its Reply on September 15, 2010.

## THE PARTIES' ARGUMENTS

Defendant argues that Plaintiff has not satisfied the amount in controversy requirement, primarily, because in claims based

upon recovery under an insurance policy, the amount in controversy is determined by reference to the value of the policy in cases where the value of the claim exceeds policy limits. In Defendant's view, the value of the policy is capped at $63,000.00 and therefore, a claim under the policy cannot satisfy the $75,000 amount in controversy requirement for federal subject matter jurisdiction.

Secondarily, the Defendants argue that Plaintiff cannot satisfy the amount in controversy through the addition of the value of its additional claims, such as those for attorney's fees, because Plaintiff has not asserted facts sufficient to "indicate the propriety of such claims."

Plaintiff responds that she has satisfied the amount in controversy requirement under two alternative theories. First, Plaintiff argues that the Class Action Fairness Act ("CAFA") applies to its claims made at the time of filing and that at the time of filing, the complaint involved the claims of "thousands of claimants and approximately seventy-two (72) insurer defendants, with the aggregate value of the claims unarguably exceeding the $5,000,000 threshold" required under CAFA. Secondly, the Plaintiff counters that she also satisfies the individual claim standards for diversity jurisdiction because she seeks recovery for damages to its property pursuant to the policy and because she also seeks extra-contractual damages and damages for pain and suffering. Plaintiff fails to specify the value of

her claims; however, in Defendant's Motion, Defendant notes that Plaintiff is making claims in excess of the value of the insurance policy ($63,000.00) and that Plaintiff, after previously receiving $8,973.24 in adjustment of its claims, submitted a demand for additional payment of $54,026.76.

## DISCUSSION

In order for a federal court to have diversity jurisdiction over a claim, 28 U.S.C. § 1332 requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs" in the case of individual claims and "exceed the sum or value of $5,000,000, exclusive of interest and costs" in the case of class actions.  28 U.S.C.A. §§ 1332(a) & (d).  The party asserting federal diversity jurisdiction bears the burden of establishing the amount in controversy by a preponderance of the evidence.  St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1252 (5th Cir. 1998).  "It has long been recognized that 'unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.'" St. Paul Reinsurance, 134 F.3d at 1253 (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).  "To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'" Id.

Plaintiff and Defendant agree that the amount in controversy is determined as of the filing of the complaint; however, they

differ on what that means in this case.  Specifically, Plaintiff and Defendant disagree on whether the amount in controversy should be determined under the requirements for individual claims under 28 U.S.C. § 1332(a) or the requirements for class actions under § 1332(d).  Defendant believes the inquiry to turn on whether  Plaintiff's claims satisfy the requirements of § 1332(a) rather than (d).  Defendant's belief appears to be grounded in the implied assertion that the amount in controversy requirement should be determined from the time of the <u>Adams</u> case and its assertion that the <u>Adams</u> case did not contain any class action allegations.  Plaintiff, by contrast, offers a pointedly different view. Plaintiff argues that the amount in controversy requirement should be determined under § 1332(d) because his claims were initially instituted by a mass action joinder that included class allegations, including claims for subject matter jurisdiction under § 1332(d).  For this argument, Plaintiff points to <u>Abadie I </u>and <u>Abadie II</u>, the cases from which this case's immediate predecessor <u>Adams</u> was derived.

 Putting aside the parties' arguments concerning CAFA, the Court finds that Plaintiff has satisfied the jurisdictional amount under the individual claims standard in 28 U.S.C. § 1332(a).  Defendant has hung its hat on the argument that the amount in controversy should be determined by reference to the insurance policy limits where the claim exceeds those limits.  This argument might hold sway if Plaintiff did not also assert

claims in addition to those asserted under the policy.  Under <u>St. Paul Reinsurance</u>, "in addition to policy limits and potential attorney's fees, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are inter alia penalties, statutory damages, and punitive damages-just not interest or costs."  134 F.3d at 1253 (5th Cir.1998).  Here, in addition to a claim for proceeds due under the insurance policy, Plaintiff has made claims for punitive damages and various compensatory damages such as emotional distress.

Moreover, Plaintiff has asserted specific claims under former La. R.S. 22:1220[1] and former La. R.S. 22:658[2].  Under La. R.S. 22:1220(c), "in addition to any general or special damages to which a claimant is entitled for breach of the imposed duty [of good faith and fair dealing], the claimant may be awarded penalties assessed against the insurer *in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater*." (emphasis added).  Under the version of La. R.S. 22:658(B)(1) in force as of the date upon which this cause of action arose, failure to make proper adjustment and payment of claims within the statutory time period "when such failure is found to be arbitrary, capricious, or without probable

---

[1] Subsequently renumbered as La. R.S. 22:1973.

[2] Amended in June 2006 and renumbered as La. R.S. 22:1892 in 2009.

cause, shall subject the insurer to a *penalty, in addition to the amount of loss, of twenty-five percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater*. . . or to any of said employees, or in the event a partial payment or tender has been made, *twenty-five percent of the difference between the amount paid or tendered and the amount found to be due*. (emphasis added). Under these statutes, then, it appears clear that Plaintiff has asserted its jurisdictional amount in good faith and that that amount exceeds the jurisdictional minimum. Because Defendant has not proven to a legal certainty that Plaintiff's allegations are in error, Defendant's motion should be denied.

Accordingly, **IT IS ORDERED** that the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction is **DENIED**.

New Orleans, Louisiana, this 30th day of September, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT